UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER M. GAMBOA,<br><br>                    Plaintiff,<br><br>         -v.-<br><br>USCIS OFFICER NEWKIRK L.; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>                    Defendants. | 21 Civ. 7986 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff Jennifer M. Gamboa, of the Bronx, New York, brings this *pro se* action invoking the Court's diversity jurisdiction. She sues: (1) United States Citizenship and Immigration Services (USCIS) Naturalization Hearing Officer L. Newkirk, and (2) the United States Department of Homeland Security (DHS). The Court understands Plaintiff's complaint to be a petition seeking judicial review of the denial of Gamboa's naturalization application, brought under 8 U.S.C. § 1421(c).

By order dated September 28, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Thus, the Court directs service on the defendants.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in

[IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants with the complaint until 90 days after the date that summonses are issued for the defendants. If the complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (summary order).

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for the defendants. The Clerk of Court is also instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A." The Clerk of Court is further instructed to issue summonses for the defendants, and deliver to the

Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint upon the defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss this action if she fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff at her address of record, together with an information package.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants Newkirk and DHS, (2) complete USM-285 forms with the service addresses for those defendants, (3) mark the box on the USM-285 forms labeled "Check for service on U.S.A.," and (4) deliver all documents necessary to effect service of summonses and the complaint on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 6, 2021
         New York, New York

                                                KATHERINE POLK FAILLA
                                                United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. L. Newkirk
   Naturalization Hearing Officer
   United States Citizenship and Immigration Services
   26 Federal Plaza
   New York, New York 10278

2. United States Department of Homeland Security
   MS 0525
   2707 Martin Luther King Jr Ave SE
   Washington, D.C. 20528 0525